In the Matter of the Claim of LEE LOH YOUNG, Respondent, against FAMOUS TRADING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of compensation made by the Workmen's Compensation Board to claimant for disability. Claimant was employed as a bus boy in a cafeteria owned and operated by the employer. He engaged in an altercation with another bus boy, in the course of which he was pushed down a stairway and sustained injuries, including a fracture of his right arm. The board found that he eventually suffered a 20% loss of use of that arm. The principal issue raised on appeal is whether claimant's injuries resulted from an accident which arose out of and in the course of his employment. The appellants argue that claimant abandoned his employment and then returned to the premises for a purely personal motive, which was to assault a coemployee. We can find nothing in the evidence except an issue of fact that was resolved by the board in favor of the claimant, and we think the evidence was sufficient to sustain the finding of the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

In the Matter of the Claim of VINCENT MASTROPOLO, Respondent, against CITY OF NEW YORK, DEPARTMENT OF SANITATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant suffered frostbite of his fingers while working as a chauffeur in snow removal for the City of New York on December 30, 1947. As a result of this exposure there is medical opinion that he underwent a vasomotor disturbance of his hands which caused a partial disability. The only medical proof of the extent of this disability is that claimant should not work exposed to temperatures below freezing. All the medical proof is that he can work safely in temperatures above freezing. The board found that claimant's earning capacity was reduced to 60% of his earning capacity prior to the disability. The substantial evidence does not sustain disability in this degree. Decision and award reversed and the claim remitted to the board for its further consideration, with costs to the appellant against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.